IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILMINGTON TRUST, National Association, as Trustee for the Registered Holders of The Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates,<br><br>Plaintiff,<br><br>v.<br><br>ARON PURETZ,<br><br>Defendant. | CIVIL ACTION NO.<br>4:22-CV-1141 |

## PLAINTIFF'S ORIGINAL PETITION

Wilmington Trust, National Association, as Trustee for the Registered Holders of The Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates ("Plaintiff") files suit against Aron Puretz (the "Guarantor") for the following reasons:

**I.    Executive Summary—**

1. This is a straightforward action against Guarantor, as the guarantor of a loan. Apex Sierra Hermosa TX LP ("Borrower") sought and received a loan in the original principal amount of $7,099,600 (the "Loan") which is more fully described below. As part of the Loan, Guarantor signed a Guaranty of Recourse Obligations dated May 28, 2019 (the "Guaranty"). A true and correct copy of the Guaranty is attached as **Exhibit A**.

2. On November 1, 2022, Borrower filed a voluntary petition for Chapter 11 relief (the "Bankruptcy Petition") in the United States Bankruptcy Court for the Northern District of Texas. Pursuant to the Guaranty, (i) Borrower's filing of the Bankruptcy Petition

159204339.8

constitutes a "Springing Recourse Event"; and (ii) "from and after the date that any Springing Recourse Event occurs," Guarantor is responsible for "payment of all the Debt as and when the same is due in accordance with the Loan Documents …" The Debt is defined as the principal and all other amounts due and owing under the Loan Documents (defined below).

3. Guarantor is therefore liable as the Guarantor for the Loan for all amounts due and owing under the Loan Documents. Plaintiff has made demand for payment of the Debt on the Guarantor, and the Guarantor has failed to pay any amounts. Thus, Plaintiff files this lawsuit to enforce the Guaranty.

II. **The Parties—**

4. Plaintiff Wilmington Trust, National Association is the Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates. For purposes of diversity jurisdiction, Plaintiff is a citizen of Delaware.

5. Guarantor is an individual and, on information and belief, resides in New York with a business address of 2365 Nostrand Avenue, Brooklyn, New York 11210. On information and belief, Guarantor can be served with process at the same address.[1]

III. **The Court has Jurisdiction over this dispute and the Parties, and this is the proper Venue—**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in

---

[1] The Guaranty also requests that notice for Puretz be sent to his attorney at: Law Offices of Chaim C. Zlotowitz, Esq. PLLC, 140A Washington Ave., Suite 203, Cedarhurst, New York 11516, Attention: Chaim C. Zlotowitz, Esq.

controversy exceeds $75,000.00 and complete diversity of citizenship exists.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the real property securing the Loan which is guaranteed by the Guaranty at issue is located in Tarrant County at 3254 Las Vegas Trail, Fort Worth, Texas, commonly known as "Sierra Hermosa" and is more particularly described in **Exhibit B** attached hereto (the "Property").

**IV.   The factual background—**

The Loan

8. On or about May 28, 2019, The Bancorp Bank, a Delaware state-chartered bank (the "Original Lender") made the Loan in the original principal sum of $7,099,600.00 to Borrower. The Loan is evidenced by, among other instruments, a Promissory Note dated May 28, 2019, executed by Borrower in favor of Original Lender in the original principal sum (the "Note"). A true and complete copy of the Note is attached as **Exhibit C**.

9. The Loan is also evidenced by a Loan Agreement dated May 28, 2019, by and between the Borrower and Original Lender (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached as **Exhibit D**.

10. The Loan is secured by, among other things: (i) a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated May 28, 2019 (the "Deed of Trust"), executed by the Borrower, as trustor, in favor of George D. Barnett, Esq., as trustee, for the benefit of Original Lender, as beneficiary; and (ii) an Assignment of Leases and Rents, dated May 28, 2019 (the "Assignment of Rents"), executed by the Borrower, as assignor, in favor of Original Lender, as assignee. The Deed of Trust and Assignment of Rents were both recorded in the Official Records of Tarrant County, Texas

(the "Official Records"). True and complete copies of the Deed of Trust and Assignment of Rents are attached as **Exhibits E** and **F**, respectively.

11.     The Note, the Loan Agreement, the Deed of Trust, the Assignment of Rents, the Guaranty, and all other documents evidencing, securing, or relating to the Loan are sometimes collectively referred to as the "Loan Documents."

<u>Puretz agreed to guarantee the Loan</u>

12.     As a condition to making the Loan, the Original Lender required Guarantor to execute the Guaranty which provides for the Guarantor to guaranty all amounts due and owing under the Loan Documents upon the occurrence of a Springing Recourse Event.

13.     In the Guaranty, the Guarantor acknowledged that the Loan to Borrower provided a material benefit to him.

14.     Guarantor also acknowledged the receipt and sufficiency of good and valuable consideration in entering into the Guaranty, and he agreed that his liability under the Guaranty shall be full and prompt and not conditional or contingent on pursuing any remedies against Borrower or against the collateral for the Loan.

<u>The Loan and Guaranty were assigned to Plaintiff</u>

15.     Effective September 26, 2019, Original Lender assigned the Loan Documents to Plaintiff pursuant to: (i) the Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Assignment of DOT"), recorded in the Official Records on October 31, 2019, as Document No. D219249985; and (ii) the Assignment of Assignment of Leases and Rents (the "Assignment of Assignment of Rents"), recorded in the Official Records on October 31, 2019, as Document No.

D219249986. True and correct copies of the Assignment of DOT and the Assignment of Assignment of Rents are attached as **Exhibits G** and **H**, respectively.

16. As such, Plaintiff is now the holder of the Guaranty, and beneficiary, secured party, and/or assignee under all the other Loan Documents. Plaintiff has the power and authority to bring this Complaint and seek the relief sought herein.

<u>Borrower Defaults under the Loan Documents</u>

17. The Loan matured on June 9, 2022. Borrower failed to pay the Loan on or before the maturity date of June 9, 2022 and that failure constituted an Event of Default under the Loan Documents.

18. In addition, the Borrower defaulted and an Event of Default occurred when Borrower filed the Bankruptcy Petition on November 1, 2022. Section 9.1(g) of the Loan Agreement states that an Event of Default occurs when "any petition for bankruptcy, reorganization, or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, shall be filed by or against, consented to, or acquiesced in by, Borrower…."

<u>Guarantor's obligations and ongoing defaults under the Guaranty</u>

19. Guarantor signed the Guaranty for valuable consideration and received a substantial benefit from the Loan being made to Borrower.

20. Pursuant to Section 2 of the Guaranty, "Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Lender the full, prompt and complete payment when due of the Guaranteed Obligations."

21. The Guaranteed Obligations are defined in Section 1(b)(ii) of the Guaranty as, among other things, "from and after the date that any Springing Recourse Event occurs,

payment of all the Debt as and when the same is due in accordance with the Loan Documents . . . ."

22. A Springing Recourse Event occurs under Section 3.1(k)(iii) of the Loan Agreement when "Borrower or SPE Party files a voluntary petition under the Bankruptcy Code or files a petition for bankruptcy, reorganization or similar proceeding pursuant to any other Federal or state bankruptcy, insolvency or similar law."

23. Borrower's filing of its Bankruptcy Petition triggered a Springing Recourse Event obligating Guarantor to fully repay the Loan.

24. By letter dated December 7, 2022, (the "Guarantor Demand Letter"), Plaintiff made demand on Guarantor to pay the Loan in full. A true and correct copy of the Guarantor Demand Letter is attached as **Exhibit I**. Despite the demand and his obligations under the Guaranty, Guarantor has not made payment.

25. Section 2(c) of the Guaranty provides that Guarantor shall indemnify, defend and save harmless Plaintiff against, among other things, all costs and expenses, including reasonable attorneys' fees and disbursements incurred by Plaintiff by reason of Borrower's failure to pay any of the Guaranteed Obligations. Furthermore, under Section 1(b)(i) of the Guaranty, the Guarantor is liable for Borrower's Recourse Liabilities, which includes "any cost or expense incurred by [Plaintiff] in connection with the enforcement of its rights and remedies [under the Loan Agreement] or any other Loan Document."

26. All conditions precedent to the filing of this lawsuit have either occurred, been met, or been waived.

## FIRST CAUSE OF ACTION

### (Breach of Guaranty)

27. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully repeated and set forth herein.

28. Original Lender fulfilled its obligations under the Loan Documents by, among other things, providing the Loan proceeds to Borrower.

29. The Guaranty is a valid contract that was assigned to Plaintiff making Plaintiff the holder of the Guaranty.

30. The Guaranty was supported by adequate consideration.

31. The Loan matured and an Event of Default under the Loan Documents occurred upon Borrower's failure to pay the Loan upon the maturity date of June 9, 2022.

32. Another Event of Default occurred under the Loan Documents when Borrower filed the Bankruptcy Petition, which was a Springing Recourse Event and required Guarantor to pay all amounts due and owing under the Loan Documents.

33. Further, Guarantor agreed to "indemnify, defend, and save harmless [Plaintiff] from and against any and all costs, losses, liabilities, claims, causes of action, expenses and damages, including reasonable attorneys' fees and disbursements, which Lender may suffer or which otherwise may arise by reason of Borrower's failure to pay any of the Guaranteed Obligations when due," and Lender has suffered such losses and expenses and damages through the attorneys' fees and expenses incurred to collect from Borrower and, now, the Guarantor.

34. The Guaranty is a guaranty of payment and not of collection and Plaintiff is not required to enforce its rights against the Property or otherwise seek to collect from Borrower's bankruptcy estate prior to collecting from Guarantor.

35. Plaintiff sought payment of the amounts due and owing under the Loan Documents.

36. Guarantor breached the Guaranty when he failed to provide payment of the amounts due under the Loan Documents when Borrower filed the Bankruptcy Petition and when Guarantor failed to provide payment after proper demand by Plaintiff.

37. Guarantor's breach of the Guaranty and refusal to pay Plaintiff the amounts it is contractually entitled and for which it bargained has harmed Plaintiff for which it now sues.

## SECOND CAUSE OF ACTION

### (Levy and Foreclosure of Liquid Assets and Net Worth)

38. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully repeated and set forth herein.

39. Pursuant to the Guaranty, Guarantor agreed to maintain a Net Worth Threshold in excess of $7,000,000 and a Liquid Assets Threshold in the amount of not less than $700,000, as those terms are defined in Section 6(b) of the Guaranty.

40. Plaintiff seeks a Judgment of this Court for the amounts due and owing under the Loan Documents and seeks to execute on that Judgment and foreclose and levy on Guarantor's Liquid Assets and all assets making up the Net Worth of Guarantor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Guarantor that: awards Plaintiff the amount for which Borrower is liable under the Loan Documents, together with post-judgment interest; awards Plaintiff its losses, expenses, and damages incurred by Borrower's default, including the recovery of its reasonable attorneys' fees and costs; authorizes and directs the levy on Liquid Assets and all assets comprising the Net Worth of Guarantor; and grants Plaintiff such other and further relief at law or in equity that the Court deems just and proper.

Dated: December 23, 2022

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
JohnHardin@perkinscoie.com
Texas Bar No. 24012784
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: (214) 965.7700
Facsimile: (214) 654.7793

*Attorneys for Plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of The Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates*