# EXHIBIT C

## PROMISSORY NOTE

$7,099,600.00                                                                                        New York, New York
                                                                                                                                   May 28, 2019

       **FOR VALUE RECEIVED, APEX SIERRA HERMOSA TX LP**, a Texas limited partnership, as maker, having its principal place of business at 10 Hill Street, Newark, NJ 07102 ("**Borrower**"), hereby unconditionally promises to pay to the order of **THE BANCORP BANK**, a Delaware state-chartered bank, at 3 Columbus Circle, Suite 2200, New York, NY 10019 (together with its successors and/or assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of SEVEN MILLION NINETY-NINE THOUSAND SIX HUNDRED AND NO/100 DOLLARS ($7,099,600.00), or so much thereof as is advanced pursuant to that certain Loan Agreement dated the date hereof between Borrower and Lender (as the same may be amended, modified, supplemented, replaced or otherwise modified from time to time, the "**Loan Agreement**"), in lawful money of the United States of America, with interest thereon to be computed from the date of this Promissory Note (this "**Note**") at the Interest Rate (as defined in the Loan Agreement), and to be paid in accordance with the terms of this Note and the Loan Agreement. All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### ARTICLE 1: PAYMENT TERMS

       Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note and all other amounts due under this Note, the Loan Agreement and the other Loan Documents from time to time outstanding, at the rates and at the times specified in the Loan Agreement, and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon and all other amounts due under this Note, the Loan Agreement and the other Loan Documents shall be due and payable on the Maturity Date.

### ARTICLE 2: DEFAULT AND ACCELERATION

       The Debt shall without notice become immediately due and payable at the option of Lender upon the happening of any Event of Default.

### ARTICLE 3: LOAN DOCUMENTS

       This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

### ARTICLE 4: SAVINGS CLAUSE

       Notwithstanding anything to the contrary contained herein, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed to constitute interest, the interest contracted

for, charged or received by Lender shall never exceed the maximum non-usurious interest rate, if any, that at any time or from time to time may be contracted for, taken, reserved, charged or received on the indebtedness evidenced by this Note and as provided for herein or the other Loan Documents, under the laws of such State or States whose laws are held by any court of competent jurisdiction to govern the interest rate provisions of the Loan (the "**Maximum Legal Rate**"), (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward the payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

## ARTICLE 5:  NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party(ies) against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6:  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby jointly and severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind.  No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender and any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Debt under this Note, the Loan Agreement or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership or limited liability company, and the term "**Borrower**," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and its partners or members shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable, notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "**Borrower**," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. (Nothing in the foregoing two sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited

2

liability company or corporation which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

### ARTICLE 7: INTENTIONALLY OMITTED

### ARTICLE 8: TRANSFER

Upon the transfer of this Note by Lender, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### ARTICLE 9: EXCULPATION

The provisions of Section 3.1 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### ARTICLE 10: GOVERNING LAW

THIS NOTE WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, PROVIDED THAT TO THE EXTENT ANY OF SUCH LAWS MAY NOW OR HEREAFTER BE PREEMPTED BY FEDERAL LAW, IN WHICH CASE SUCH FEDERAL LAW SHALL SO GOVERN AND BE CONTROLLING.

### ARTICLE 11: WAIVER OF JURY TRIAL

BORROWER HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND FOREVER WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST, WITH REGARD TO THIS NOTE, THE MORTGAGE OR THE OTHER LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. LENDER IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY BORROWER.

### ARTICLE 12: SUCCESSORS AND ASSIGNS

This Note shall be binding upon, and shall inure to the benefit of, Borrower and Lender and their respective successors and permitted assigns. Lender shall have the right to assign or transfer its rights under this Note in connection with any assignment of the Loan and the Loan Documents. Any assignee or transferee of Lender shall be entitled to all the benefits afforded to

Lender under this Note. Borrower shall not have the right to assign or transfer its rights or obligations under this Note without the prior written consent of Lender, as provided in the Loan Agreement, and any attempted assignment without such consent shall be null and void.

## ARTICLE 13: NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 7.1 of the Loan Agreement.

## ARTICLE 14: JOINT AND SEVERAL LIABILITY

If Borrower consists of more than one Person, the obligations and liabilities of each such Person constituting Borrower hereunder and under the other Loan Documents shall be joint and several.

## ARTICLE 15: NO USURY

It is the intent of Borrower and Lender in the making of the Loan to contract in strict compliance with applicable usury law. In furtherance thereof, Borrower and Lender stipulate and agree that none of the terms and provisions contained herein, or in any of the Loan Documents, or in any other instrument executed in connection herewith, shall ever be construed to create a contract to pay for the use, forbearance, or detention of money, interest at a rate in excess of the maximum lawful rate permitted under applicable law taking into account all fees and charges, if any, contracted for, charged, received, taken or reserved by Lender in connection with the Loan, and which are treated as interest under applicable law ("**Maximum Rate**"). Neither Borrower nor any guarantor, endorser or other party now or hereafter becoming liable for payment of the Loan shall ever be required to pay interest on the Loan at a rate in excess of the Maximum Rate, and the provisions of this Article shall control over all other provisions of this Note, the Loan Agreement, the DOT, the other Loan Documents and any other instruments now or hereafter executed in connection with the Loan which may be in apparent conflict herewith. Lender expressly disavows any intention to charge or collect excessive or unearned interest or finance charges in the event that Maturity Date of the Loan is accelerated. If the Maturity Date of the Loan shall be accelerated for any reason or if the principal of the Loan is paid prior to the Maturity Date, and as a result thereof the interest received for the actual period of existence of the Loan exceeds the Maximum Rate, Lender shall, at its option, either refund to Borrower the amount of such excess ("**Excess Amount**") or credit such Excess Amount against the principal balance of the Loan then outstanding and thereby shall render inapplicable any and all penalties of any kind provided by applicable law as a result of such excess interest. In the event that Lender or any other holder of the Loan shall contract for, charge, or receive any amount of amounts which are deemed to constitute interest which would increase the effective interest rate on the Loan to a rate in excess of the Maximum Rate, all such amounts deemed to constitute interest in excess of the Maximum Rate shall, upon such determination, at the option of Lender (or other holder of the Loan), be either immediately returned to Borrower or credited against the principal balance of the Loan then outstanding, in which event any and all penalties of any kind under applicable law as a result of such excess interest shall be inapplicable. By execution of this Note, Borrower acknowledges that it believes the Loan to be non-usurious, and agrees that if, at any time, Borrower should have reason to believe that the Loan is in fact

4

usurious, it will give Lender (or other holder of the Loan) notice of such condition, and Borrower agrees that Lender (or other holder of the Loan) shall have ninety (90) days in which to make appropriate refund or other adjustment in order to correct such condition if in fact such exists. The term "**applicable law**" as used in this Note shall mean the laws of the State of Texas or the laws of the United States, whichever laws allow the greater rate of interest, as such laws now exist or may be changed or amended or come into effect in the future. To the extent that Lender is relying on Chapter 303, as amended, of the Texas Finance Code to determine the Maximum Rate, Lender will utilize the weekly ceiling from time to time in effect as provided in such Chapter 303, as amended. To the extent United States federal law permits Lender to contract for, charge or receive a greater amount of interest than Texas law, Lender will rely on United States federal law instead of such Chapter 303, as amended, for the purpose of determining the Maximum Rate. Additionally, to the extent permitted by applicable law now or hereafter in effect, Lender may, at its option and from time to time, implement any other method of computing the Maximum Rate under such Chapter 303, as amended, or under other applicable law by giving notice, if required, to Borrower as provided by applicable law now or hereafter in effect. In no event shall the provisions of Chapter 346 of the Texas Finance Code (which regulates certain revolving credit loan accounts and revolving triparty accounts) apply to the indebtedness evidenced hereby. Notwithstanding anything to the contrary contained herein or in any of the other Documents, it is not the intention of Lender to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration."

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

**IN WITNESS WHEREOF**, Borrower has duly executed this Note as of the day and year first above written.

BORROWER:

**APEX SIERRA HERMOSA TX LP,**
a Texas limited partnership

By:   Apex Sierra TX LLC,
      a Texas limited liability company,
      its general partner

      By: _____
      Name: Aron Puretz
      Title:  Sole Member

[Signature page to Promissory Note]